| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild<br>Agent: Wayne Williams | Telephone: (313) 226-9577<br>Telephone: (313) 550-7945 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Yefrin Saul BUSTILLO-VELASQUEZ, a/k/a Jeffrey BUSTILLO-VINDEL | Case No.<br><br>Case: 2:25−mj−30559<br>Assigned To : Unassigned<br>Assign. Date : 9/5/2025<br>Description: CMP USA V. BUSTILLO−VELASQUEZ (DJ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 31, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a), (b)(1) | Unlawful Re-Entry Following Removal from the United States, Prior Felony Conviction |

This criminal complaint is based on these facts:
See Attached Affidavit

_Complainant's signature_

Wayne Williams, Border Patrol Agent
_Printed name and title_

☑ Continued on the attached sheet.

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 5, 2025

City and state: Detroit, MI

_Judge's signature_

Kimberly Altman, U.S. Magistrate Judge
_Printed name and title_

# **AFFIDAVIT**

I, Wayne Williams, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since April 2014. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official Immigration file and system automated data relating Yefrin Saul BUSTILLO-VELASQUEZ, a/k/a Jeffrey BUSTILLO-VINDEL, which reveals the following:

2. Because this affidavit is submitted for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant, it does not contain each and every fact known about this case by your affiant.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 8, United States Code, Section 1326(a), (b)(1)Unlawful Re-entry Following Removal-Prior Felony Conviction, has been committed by Yefrin Saul BUSTILLO-VELASQUEZ.

4. Yefrin Saul BUSTILLO-VELASQUEZ is a forty-two-year-old male, native and citizen of Honduras, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected, or paroled by an Immigration Officer.

5. On or about January 18, 2008, BUSTILLO-VELASQUEZ was arrested by Immigration and Customs Enforcement Officers near New Orleans, Louisiana. He was processed and issued a notice to appear.

6. On or about February 13, 2008, BUSTILLO-VELASQUEZ was ordered removed from the country by an Immigration Judge. He was removed from the United States to Honduras on March 3, 2008, through New Orleans, Louisiana.

1

7. On or about June 13, 2008, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Eagle Pass, Texas.  He was processed as a Reinstatement of Deport Order. He was charged with a violation of Title 8 USC 1325(a)(1) Improper Entry by Alien, a misdemeanor offense.  He pleaded guilty on June 19, 2008, and was sentenced to 120-days confinement.  He was removed from the United States on November 3, 2008, through San Antonio, Texas.

8. On or about December 16, 2009, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Detroit, Michigan.  He was processed as a Reinstatement of Deport Order.  He was removed from the United States on January 8, 2010, through New Orleans, Louisiana.

9. On or about June 29, 2011, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Nogales, Arizona.  He was processed as a Reinstatement of Deport Order.  He was removed from the United States on July 21, 2011, through Phoenix, Arizona.

10. On or about May 8, 2012, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Edinburg, Texas.  He was processed as a Reinstatement of Deport Order.  He was removed from the United States on June 29, 2012, through San Antonio, Texas.

11. On or about April 11, 2013, BUSTILLO-VELASQUEZ was arrested by Customs and Border Protection officers at the DeConcini Port of Entry in Nogales, Arizona for trying to enter the United States with counterfeit documents claiming to be a United States Citizen. He was processed for an Expedited Removal with creditable fear. He was charged with a violation of Title 8 USC 1325 Improper Entry by Alien into the United States and was paroled into the United States pending his court date.

12. On or about April 19, 2013, BUSTILLO-VELASQUEZ pleaded guilty to Improper Entry and was sentenced to 180 days' confinement.  He was removed from the United States on January 30, 2014, through Phoenix, Arizona.

13. On or about February 25, 2019, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Detroit, Michigan.  He was processed as a Reinstatement of Deport Order and charged with a violation of Title 8 USC 1326(a) Unlawful Re-Entry after Removal from the United States.  He was

       convicted and sentenced to 4 months' confinement.  He was removed from the United States on August 30, 2019, through Alexandria, Louisiana.

14. On or about December 31, 2019, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Hidalgo, Texas. He was processed as a Reinstatement of Deport Order.  He was removed from the United States on January 8, 2020, through Valley International Airport in Harlingen, Texas.

15. On or about August 31, 2025, BUSTILLO-VELASQUEZ was arrested by Border Patrol Agents near Livonia, Michigan after a call for assistance during a traffic stop. It was determined that BUSTILLO-VELASQUEZ was illegally present in the United States and he was arrested by Border Patrol. Livonia Police issued BUSTILLO-VELASQUEZ a traffic citation (#25LI10470) for prohibited turn. BUSTILLO-VELASQUEZ was processed as a Reinstatement of Deport Order and referred for prosecution for a violation of Title 8 USC 1326(a), (b)(1), Unlawful Re-Entry Following Removal – Prior Felony Conviction.

16. Yefrin Saul BUSTILLO-VELASQUEZ's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS).  The results revealed that BUSTILLO-VELASQUEZ is a citizen of Honduras with the foregoing immigration history who has been previously removed from the United States.  The record checks did not provide any evidence that BUSTILLO-VELASQUEZ legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

17. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

18. Review of the Alien File (A# xxx xxx 425) for Yefrin Saul BUSTILLO-VELASQUEZ and queries in Department of Homeland Security databases confirm no record exists BUSTILLO-VELASQUEZ obtaining the express permission from the Attorney General or the Secretary of the Department of

3

      Homeland Security to re-apply for admission to the United States following his removal on January 8, 2020.

19.     Based on the above information, I believe there is probable cause to conclude that Yefrin Saul BUSTILLO-VELASQUEZ, is an alien who was found in the United States after removal, and subsequent to a felony conviction, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a), (b)(1).

*Complainant's signature*

Wayne Williams, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable Kimberly Altman
United States Magistrate Judge

September 5, 2025

4